### DENNY et al. v. GILES.

(Circuit Court of Appeals, Fifth Circuit. April 15, 1918.)

#### No. 3205.

1. JUDGMENT ⬀918—ACTION ON JUDGMENT—EVIDENCE.

To authorize recovery upon a judgment there should be some evidence, either by the recitals of the judgment or otherwise, to show that the court which rendered it had acquired jurisdiction over the defendant, or the court should have before it the entire record upon which, nothing appearing to the contrary, to predicate a presumption of jurisdiction over the parties.

2. JUDGMENT ⬀903—ACTION ON JUDGMENT—SUFFICIENCY OF EVIDENCE.

An entry in the "minute book" of a federal court, which recites the default of a defendant, the impaneling of a jury, their verdict, and that "it is considered by the court that plaintiff receive and recover" from the defendant a sum several hundred dollars in excess of the verdict, but which recites neither service upon the defendant nor his appearance, does not constitute a judgment which will sustain an action.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judgment.]

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action at law by Collins Denny and others, executors, against James L. Giles. Judgment for defendant, and plaintiffs bring error. Affirmed.

James H. Bunch, of Jacksonville, Fla., for plaintiffs in error.

Le Roy B. Giles, of Orlando, Fla., for defendant in error.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

BATTS, Circuit Judge. Plaintiffs in error, as executors of Denny, sued Giles upon a judgment rendered in 1896 in the United States Circuit Court for the Southern District of Florida. The judgment, introduced in evidence by the production of the minute book of that court, was as follows:

"Wednesday, April 8, 1896.

"Wm. R. Denny v. James L. Giles and Nannie B. Giles.

"Now comes plaintiff and in open court dismisses this suit as to Nannie B. Giles. And James L. Giles, defendant, being in default for lack of plea, a jury is called upon motion of plaintiff and summoned to assess the damages

---

herein, viz.: E. H. Reynolds, Lawrence Chesnut, Herman Rehm, Isaac J. Brown, T. B. Collins, J. H. Porter, John H. Livingston, R. M. Carver, Wm. H. Records, T. M. S. Hendricks, P. M. Lanier, Stephen Floyd. And having considered the pleadings and evidence the jury render their verdict: 'We, the jury, find for the plaintiff against James L. Giles $3,290.00 and $300.00 attorney's fees. J. H. Livingston, foreman.' Whereupon judgment is entered, to wit: In accordance with the verdict of the jury it is considered by the court that William R. Denny, plaintiff, receive and recover from James L. Giles, defendant, four thousand one hundred and ninety dollars for damages in this behalf sustained, as well as seventeen dollars and twenty cents, and for costs in this behalf expended.

"Ordered that E. H. Reynolds, petit juror, be excused from further attendance. Ordered the court adjourn till 10 a. m. to-morrow. And court adjourned as ordered.

"Attest: E. O. Locke, Clerk."

There was also introduced in evidence an excerpt from what was called "the common-law progress docket," to the following effect:

"166   #160                                           F. C. L.
                                                      "W. R. Denny.
        "Beggs & Palmer, a Citizen of Winchester, Virginia.
                                v.
"James L. Giles and Nannie B. Giles, Citizens of. Orange County,
              Florida.  Assumpsit.  Damages $6,000.00.

D    P
Box L.  5
        25 Præcipe for Summons.................. Filed Feb. 28, 1896
        25 Declaration ½...........................  "     "    "    "
    1   15 Summons issued........................  "     "    "    "
    25     Appearance of defendant...............  "     "    "    "
        25 Summons returned......................  "     "    "    "
    25     Plea in abatement of Nannie B. Giles....  "   April 1,   "
        25 Præcipe for judgment by default........  "     "   4,   "
        25 Præcipe for judgment by default........  "     "   4,   "
           Verdict by jury against James L. Giles..
        25 for $3,290 and $300 Attys. fees filed April
           8, 1896.
           'Settled' in pencil mark."

[1, 2] No other papers or records were produced, and no other evidence upon the matters to be discussed was introduced. To authorize recovery upon a judgment, there should be: (1) Some evidence, either by the recitals of the judgment or otherwise, to the effect that the defendant had been served with process, or had made an appearance, or that the court had otherwise acquired jurisdiction over his person; or (2) the court should have before it the entire record upon which (the record indicating nothing to the contrary) to predicate a presumption of jurisdiction over the parties. The part of the "minute book" introduced as the judgment makes no recital of service or appearance, or of any other fact authorizing the court to render a judgment. The only recital of fact is the verdict of a jury, and then "it is considered by the court that plaintiff receive and recover" a sum $600 in excess of the verdict. Judgments are ordinarily entered in books other than the minute books, and it may be doubted if the informal and inaccurate entry was in fact the judgment. The book called the "progress docket" names two defendants. There are items:

"Appearance of defendant," "plea in abatement of Nannie B. Giles," and "præcipe for judgment by default." These memoranda do not indicate service upon or appearance by the defendant James L. Giles. In the absence of evidence showing jurisdiction over the defendant, the entire record should, at least, have been introduced, before appealing to presumptions to arise from the record.

The plaintiffs in error rely upon section 1522 of the General Statutes of Florida of 1906, to this effect:

"All final judgments and decrees heretofore or hereafter rendered and entered in the circuit courts of this state, and certified copies thereof, shall be admissible as prima facie evidence in the several courts of this state of the entry and validity of such judgments and decrees."

Section 721 of the Revised Statutes (Comp. St. 1916, § 1538) provides that:

"The laws of the several states, except where the Constitution, treaties or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law in the courts of the United States in cases where they apply."

The Florida statute has specific reference to the judgments entered in the circuit courts of that state, and can no more be enlarged by the courts of the United States to include the former Circuit Courts of the United States than other courts of Florida.

The judgment is affirmed.